## THE PEOPLE vs. BROOKS.

The officers before whom oaths and affidavits may by law be taken, by 2 *R. S.* 284, § 49, are *bound* to administer the same when requested, the word *may* in that section being equivalent to *shall;* and a refusal to do so subjects them to indictment for a misdemeanor.

To render a neglect of duty by a public officer *wilful*, within the statute making such neglect a misdemeanor, (2 *R. S.* 696, § 38,) it is only necessary that it should appear to be *intentional;* and it is no defence that the officer believed he was not bound to do the act, and was not guilty of bad faith in refusing.

A justice of the peace before whom a cause is pending, is bound on the defendant's request, to swear him to an affidavit prepared for the purpose of procuring the cause to be discontinued, on the ground of the justice being a material witness for the defendant; and his refusal to do so is a misdemeanor, whether the affidavit, as drawn, is sufficient for the purpose or not.

INDICTMENT for a misdemeanor. The defendant, a justice of the peace, was indicted in the Albany general sessions, for refusing to take an affidavit. On the trial, in that court, it was shewn that a suit had been commenced before him as a justice of the peace, and that the defendant in that suit caused an affidavit to be prepared in order to shew that the justice was a material witness in his behalf in the cause, with a view to procure a discontinuance of the action, pursuant to the provisions in 2 *R. S.* 246, § 118. The draft of affidavit stated that the justice was a material witness in behalf of the defendant in the cause then pending, and that the defendant could not safely proceed to trial without his testimony, and it also stated the facts which he expected to prove by said justice; and it was presented to the justice and he was requested to administer the oath, his fee for which was offered to him; but he refused to do so, alleging that

it was not his duty to do it; that he did not conceive that he was bound to take an affidavit which would oust him of his jurisdiction; that he might or might not take the affidavit, at his pleasure; that it would be against his rule to take it, and it might be done before some other justice; but if the defendant would shew any law which required him to do it, he would administer the oath.

The defendant's counsel insisted that no indictable offence had been proved; that the affidavit as drawn was not sufficient to shew that the justice was a material witness, and that if the jury were satisfied that the accused believed he was not bound to take the affidavit, and acted in good faith and from honest motives in refusing to take it, he could not be convicted.

The court charged that it was the duty of the defendant, he being a justice of the peace, to take the affidavit; that his ignorance of his duty and of the law would not excuse him; nor would his belief that it was not his duty to administer the oath or his acting in good faith in such refusal furnish a justification. The defendant's counsel excepted. The jury found a verdict of guilty. The indictment and a bill of exceptions setting forth the foregoing matters were removed into this court by *certiorari.*

*Colvin & James*, for the defendant.

*E. C. Litchfield*, (district attorney,) for the people.

*By the Court*, BEARDSLEY, J. An action was pending before a justice, in which it was lawful for the defendant therein to make an affidavit showing the justice to be a material witness for him, with a view to effect a discontinuance of said cause. (*Laws* 1838, *p.* 232, § 1.) A justice of the peace is authorized to take such an affidavit. The revised statutes provide that affidavits to " be read and used in any court of law or equity, *of record or not of record*, within this state," *may* be taken before commissioners of deeds. (2 *R. S.* 284, § 49.) The word *may*, in this statute, is tantamount to *shall*, and made it the imperative duty of commissioners to take such affidavits.

(*The Mayor, &c. of New-York* v. *Furze*, 3 *Hill*, 612.) But by an act of 1840, the office of commissioners of deeds was abolished, and it was provided that "all the powers and duties of such commissioners shall hereafter be executed by the justices of the peace, in said towns respectively." (*Laws* 1840, *p.* 187, § 1.) In this case, therefore, the justice was not only authorized to take the affidavit, but it was his duty to do so. This duty he neglected to perform, and for that he was indictable. (2 *R. S.* 696, § 38.) The language of the statute is, that the neglect of duty must be "*wilful*," and this neglect was of that character. The justice knew what was asked of him, and he knew what he refused; there was nothing like surprise, inadvertence or misapprehension on his part. He refused to administer the oath, and he intended so to refuse. This was a wilful violation of duty, for "every intentional act is necessarily a wilful one." (*Commonwealth* v. *Green*, 1 *Ashmead's R.* 299.)

That the justice believed he was not bound to take the affidavit, and acted in good faith in refusing to do so, are no defence. Ignorance of the law is no excuse, and an honest conviction that one has a right to do what the law declares to be illegal, will not make the act innocent. "A mistake in point of law, which every person of discretion not only may but is bound and presumed to know, is in criminal cases no sort of defence." (4 *Black. Com.* 227; *Rex* v. *Esop*, 7 *Carr. & Payne*, 456.)

By the terms of the statute a *wilful* neglect of duty is made indictable; and it need not, in any other sense be charged or found to be *corrupt.* (*The King* v. *Hollond*, 5 *Durn. & East*, 623, 618.) The offence charged is not the neglect of a judicial duty, but of one purely ministerial, which the officer was absolutely bound to perform, and had no discretion or right to decline.

It is not material to decide whether the affidavit, as drawn, was sufficient for the intended purpose. That was not a question for the justice when called upon to administer the oath, nor did he put his refusal on that ground.

He refused because, as he declared, it was his pleasure to refuse, and, as he said, he was not bound to do any thing which

would oust him of his jurisdiction over the cause. He may have been ignorant of his duty, but the tenacity with which he clung to the cause is at best but equivocal evidence of good faith. But these considerations were not material to the jury, who were very properly instructed to disregard them. They might be important on an application for a pardon; and should be allowed their proper weight by the court in awarding punishment.

There was no error, and a new trial must be denied.

New trial denied.