## In the matter of the TRUSTEES OF THE VILLAGE OF WILLIAMSBURGH.

To deprive a party of his remedy by mandamus, on the ground that he has a remedy by action, the remedy by action must not only be adequate, but it must be specific.

If the only specific remedy a party has is by mandamus, the court will not quash a writ of that nature, on the ground that an action of replevin would lie, or a suit for damages.

If the return to an alternative mandamus is evasive, a peremptory mandamus will be issued.

Officers before whom an assessment of the damages sustained by the opening of a street in a village is had, and whose duty it is to deliver the inquisition of the jury to the trustees of the village, cannot escape from the performance of that duty, by voluntarily parting with the control over the inquisition.

UNDER the provisions of the act to incorporate the village of Williamsburgh, a jury had been summoned by two magistrates to assess the damages sustained by the opening of a street. The jury found their verdict, reduced it to writing, and signed it, but refused to deliver it to the trustees of the village until they should pay them for their services. Upon the application of the trustees, an alternative mandamus was issued, directed to the justices and jury, commanding them to proceed and make return of their action in the premises. The justices returned that the inquisition of the jury, after being signed, was delivered to one of the jury to be handed to the trustees. One of the jurors returned that it had been delivered to the justices, but did not say whether it had been returned to the jury, or whether it was in their possession, or not. The other eleven jurors made no return to the mandamus.

*N. F. Waring*, in behalf of the jurors, moved to quash the mandamus; on the ground that the trustees had a remedy by an action of replevin against the particular juror, or by a suit against them all for damages.

In the matter of the Trustees of the Village of Williamsburgh.

EDMONDS, J.   To deprive a party of his remedy by mandamus, on the ground that he has a remedy by action, the remedy by action must not only be adequate, but it must be specific.   The action for damages certainly would not be specific.   Whether a replevin would be, or not, depends upon circumstances.   For if the inquisition could not be obtained, on the writ of replevin, then the only remedy of the trustees would be in the damages which they might recover.   The only specific remedy they can have is by mandamus.   Therefore the motion is denied.

*H. H. Stuart*, for the trustees, then moved to quash the return; and that a peremptory mandamus issue.

EDMONDS, J.   So far as the justices are concerned, it was their duty, when the inquisition was returned to them, to deliver it over to the trustees, so that it could be available.   And if they have parted with the control over it, it is their business now to recover possession of it, and complete their duty.   So far as relates to the single juror who has made a return, his return is evasive in not stating whether the inquisition is now under his control, or not.   And there is a conflict in matters of fact, between these two returns, which these parties must settle between themselves.   The rights of the relators are not to be prejudiced by this conflict.   The other eleven jurors upon whom the alternative writ was served have made no return at all.

Order that peremptory mandamus issue.