THE PEOPLE, *ex rel.* ASPINWALL, *v.* THE SUPERVISORS OF THE COUNTY OF RICHMOND.

A board of supervisors can only audit the damages assessed for the land of an individual taken for a highway, with the charges, &c., as provided in the highway act, (2 R. S. 399, § 93, 5th ed.) and no more can be levied and collected of the town.

If the supervisors make a false return to a mandamus sued out by an individual whose land is taken for a highway, and the relator has been kept out of the damages to which he was entitled from the town, the supervisors may be properly made liable in damages, to the extent of the interest upon the damages assessed.

Where, upon application for a peremptory mandamus, in such a case, the material issues are found in favor of the plaintiff, the judgment should be that a peremptory mandamus issue to the board of supervisors commanding them to audit the claim as commanded in the alternative writ. A direction to the jury to render a verdict for the relator for the amount of the damages assessed, and the interest thereon as damages, is erroneous.

But on appeal to this court, from such a judgment, the facts being before the court, it may modify the judgment by reversing it as to the sum assessed as damages, and affirming it as to the interest allowed as damages, and directing that the judgment be so amended as to grant to the relator the writ of mandamus without delay.

THE relator sued out a mandamus requiring the supervisors to audit certain damages assessed for the land of the relator taken for a highway, and to the end that the same should be levied and collected in the town of Southfield, or to show cause, &c. The supervisors answered the writ, denying some of the allegations in it, and alleging some new matters. The relator replied, and the issues were tried at a circuit, and the court directed the jury to render a verdict for the relator for $200, the original claim, and the interest thereon, amounting to $84. To this direction the defendant excepted. The verdict was for $284, for which sum and costs judgment was entered, and it was affirmed at general term. There was no other judgment. Many other exceptions were taken during the trial, which are sufficiently noticed in

the following opinion.    Upon a previous trial of the case the plaintiff was nonsuited, and upon appeal to this court the judgment was reversed and a new trial awarded.    The case is reported in 20 N. Y. Rep. 252.

*John H. Reynolds*, for the plaintiff.

*Amasa J. Parker*, for the defendant.

MARVIN, J.    It will be seen on consulting the case as reported in .N. Y. Rep. vol. 20, p. 252, that most of the questions originally raised, and some of which are reviewed, have been disposed of by this court.

The regularity of the proceedings in laying out the highway and in assessing the damages, and the proceedings of the relator to procure the action of the board of supervisors, as then discussed, were affirmed.    There was nothing in the case then calling for or justifying any decision or opinion touching the form of the judgment to which the relator was entitled.    Can this judgment against the supervisors be sustained?    No case in point is cited, but we are referred to the statute, by which the person prosecuting the writ of mandamus may demur or plead to the return made to the writ, to which the person making the return shall reply, take issue, or demur, and declaring that "the like proceeding shall be had therein, for the determination thereof, as might have been had if the person prosecuting such writ had brought his action on the case for a false return."    (2 R. S. 586, § 15.)    By the 17th section it is declared, that "in case a verdict shall be found for the person suing such writ, or if judgment be given for him on a demurrer or by default, he shall recover damages and costs in like manner as he might have done in such action on the case as aforesaid, and a peremptory mandamus shall be granted to him without delay."    It seems to have been supposed that in case the return to the writ was false, the proceedings might be regarded as an action on the

case for a false return, and that the relator would be entitled
to recover of the defendants as damages the amount he was
entitled to receive of the town of Southfield, waiving, I sup-
pose, his right to a peremptory mandamus.    Such view would
be entirely erroneous.    A brief reference to the history of the
proceedings by mandamus will enable us the better to under-
derstand the statute.    A mandamus is a prerogative writ
issuing in the name of the king from the Court of King's
Bench, and directed to any person, corporation or inferior
court, &c., requiring them to do some particular thing which
appertains to their office and duty.    It was introduced to
prevent disorder from a failure of justice and defect of police.
(Bac. Abr. tit. Mandamus; Jacob's Law Dict. same title;
3 Black. Com. 110.)    The first writ issued is generally alter-
native, commanding the thing to be done, or that cause to the
contrary be shown.    This cause might be shown by a return to
the writ, which, if sufficient in law, prevented the issuing of
the peremptory writ, and the proceeding came to an end.    It
is easy to see that while the law remained in this condition
the party suing out the writ might be defeated of his rights,
by a return to the writ, of facts, good in law, to defeat the
claim, such alleged facts however being untrue.    In such a
case the party suing out the writ could institute an action
on the case for a false return, in his own name, against those
making the return, and could recover the damages he had
sustained by reason of such false return ; and thereupon the
court, upon a new motion founded upon the postea or judg-
ment in the action for the false return, would grant the writ
of mandamus in a peremptory form.    (Jacob's Law Dict.
tit. Mandamus; Bac. Abr. tit. Mandamus, L & M ; 3 Black.
Com. 111, 264, 265.)

In this state of the law the statute of 9th Anne, ch. 20,
was enacted, authorizing pleadings by the parties subsequent
to the return, and a trial of the issues, and declaring that
the same proceedings may be had as if an action on the case
had been brought for making a false return, and that damages

and costs might be recovered, and declaring that a peremptory writ of mandamus shall be granted without delay, as might have been if the return had been adjudged insufficient. (Bac. Abr. tit. Mandamus, H.)    The statute of Anne related to officers, and some subsequent statutes extended its provisions to other cases.    The provisions of our own statute are taken from these statutes, and seem to include all cases. But it does not follow that the relator will be entitled to damages, other than nominal, against the defendant in all cases.    Under the statute of Anne and our statute he is to have, upon recovering judgment, a peremptory mandamus granted to him without delay.    If it is a proper case for damages to be recovered of those against whom the writ is prosecuted, then he may recover such damages in addition to his judgment for the peremptory mandamus, without resorting to his action for a false return.    In the case of an expulsion from office, or the refusal to induct into an office, actual damages may have been sustained by reason of the loss of the emoluments of the office during the time of the deprivation. But in a case where the writ itself is a complete remedy, and gives to the party all he is entitled to, how can it be said that he is entitled to other damages against the defendants? It is to be kept in mind that the peremptory writ is to be granted to him without delay.    In this case, the material issues being found in favor of the plaintiff, the judgment should have been that a peremptory mandamus issue to the board of supervisors commanding them to audit the account as commanded in the alternative writ.    And I see no ground for any damages, other than nominal, against the defendants, provided the board of supervisors can be required to include in the damages, assessed at $200, the interest thereon from the time when the claim was presented and should have been audited.    If this can not be done, as against the town of Southfield, then I am inclined to think the defendants may be liable for such interest by way of damages, assuming that they make a false return to the writ.

The exception to the admission of the copy of the town records of elections in 1846 was not well taken. The evidence of the loss of the original record was quite sufficient to justify the admission of secondary evidence. Some other objections and exceptions appear in the case. They were also in the case, substantially as they now appear, when the case was heretofore in this court, and were then disposed of. It is, however, now made a point that the judge erred in not. submitting the issues joined upon questions of fact to the jury. I think the evidence made a case substantially for the court. There was no dispute touching the material and controlling facts, and besides, it does not appear that any request was made that any question of fact should be submitted to the jury. As has already appeared, the direction to the jury to render a verdict for the relator for $200 and the interest as damages was erroneous, and the judgment is erroneous and must be reversed, unless this court can amend the record and direct or render the proper judgment. This court may reverse, affirm or modify the judgment appealed from, in whole or in part. (Code, § 12.) Why may it not reverse that judgment as to the damages, and direct the proper judgment, viz. that a mandamus issue, and that the relator recover costs and six cents or the $84 damages? Will not this be a reversal of the judgment in part, and a modification of it? If this can be done, it ought to be without costs to either party. If such judgment can not be rendered, then the judgment must be reversed and there must be a new trial, unless the defendants will consent that the proper judgment as here indicated should be entered, without costs of this appeal to either party. If they so consent, then such judgment should stand as affirmed by this court.

The court, upon consultation, is of the opinion that the supervisors could only audit the damages assessed, with the charges &c. as provided in the highway act, (see 2 R. S. 399, § 93, 5th ed.;) and that no more could be levied and collected of the town, (§ 94.) That as the return of the

supervisors was false, and the relator has been kept out of the damages to which he was entitled from the town, the supervisors may be properly made liable in damages to the extent of the interest upon the $200, to wit, $84. Also, that all the facts are before the court, enabling it to modify the judgment by reversing as to the $200 damages, and affirming it as to the interest as damages, and directing that the judgment be so amended as to grant to the relator the writ of mandamus without delay. Neither party to have costs of this appeal.

All the Judges concurring,

　　　　　　　　　　　　　　Ordered accordingly.