---
:          ·    Clark *v.* Miller.
---

---

## CLARK *vs.* MILLER.

An action to recover damages for a tort will lie against a public officer acting by independent authority, and not merely as an agent, for a violation of a ministerial duty absolute, certain and imperative in its nature, imposed upon him by law and specifically due to a particular individual, as distinguished from the whole public.

A highway having been laid out, by the commissioners of highways, through the plaintiff's farm, commissioners appointed by the county court assessed his damages at $185. On appeal from this assessment, a jury reassessed the damages of the plaintiff at $355. The defendant, being supervisor of the town, was requested by the plaintiff to lay this last assessment before the board of supervisors, which the defendant refused to do, claiming that the

Clark *v.* Miller.

reassessment was invalid and illegal. *Held* that for this refusal of the defendant to perform a duty imposed upon him by law, an action could be maintained against him by the plaintiff, to recover the damages caused by such refusal.

The measure of damages, in such an action, is the amount of the assessment which the defendant refused to lay before the board of supervisors, interest and costs.

The general rule is that a mandamus will not lie where an adequate remedy at law exists; but where the remedy by action is doubtful, a mandamus will lie.

THE plaintiff was the owner of a farm in the town of Southport, Chemung county, through which a highway was laid out, by the commissioners of highways. Commissioners appointed by the county court assessed the damages of the plaintiff at $185. The plaintiff appealed from such assessment, and the jury upon such appeal reassessed the damages of the plaintiff at $355. The defendant was the supervisor of Southport during the year 1863, and was requested by the plaintiff, as such supervisor, to lay such last assessment before the board of supervisors,(*a*) in the fall of 1863, which the defendant refused to do, claiming that the reassessment was invalid and illegal. The defendant then laid the first assessment before the board, and the same was audited, collected and tendered to the plaintiff, by whom it was refused, as insufficient in amount.

The plaintiff thereupon brought this action, which has been twice tried. The plaintiff was nonsuited upon the first trial, and a new trial granted by this court, for reasons stated in 42 *Barb.* 255. Upon the second trial the plaintiff had a verdict for the amount of said assessment, with interest, by the direction of the court.

(*a*) The statute directs that all damages which may be finally assessed or agreed upon by commissioners of highways for the laying out of any road, except private roads, shall be laid before the board of supervisors *by the supervisor of the town*, to be audited with the charges of the commissioners, &c.; and the amount shall be levied and collected in the town in which the road is located, and the money so collected shall be paid to the commissioners of such town, who shall pay to the owner the sum assessed to him, and appropriate the residue to satisfy the charges. (2 *R. S. 5th ed.* 399, § 93.)

*H. B. Smith,* for the plaintiff.

*J. McGuire,* for the defendant.

BOARDMAN, J.   The first question presented in this case is the right of the plaintiff to maintain the action. Perhaps it might be assumed that the decision of this case, when formerly in this court, sufficiently recognizes that right. But as that question does not seem to have been distinctly presented to or passed upon by the court, it will not be improper to consider it as presented at this time.

A classification of some of the principles under which recoveries have been had and sustained in actions for torts will aid in the determination of this question.

A plaintiff may maintain an action for damages in the following cases:

*Class* I. Against any person (not an officer) for any malfeasance, misfeasance or nonfeasance by which a public duty of such person is broken and the plaintiff thereby suffers special damage. (1 *Wait's Law and Practice,* 728 *et seq.*)

*Class* II. Against a corporation, for the acts of its officers acting as its agents, for an improper exercise of its legitimate powers, when those powers are ministerial only, and the duties to be performed are absolute, certain and imperative in their nature, and not judicial or discretionary. (*Rochester White Lead Co.* v. *City of Rochester,* 3 *N. Y. Rep.* 463. *Weet* v. *Village of Brockport,* 16 *id.* 161. *Mills* v. *City of Brooklyn,* 32 *id.* 489. *Commercial Bank* v. *Kortright,* 22 *Wend.* 348. *Wilson* v. *New York City,* 1 *Denio,* 599.)

*Class* III. Against public officers, such as sheriffs, constables, &c. whose services are not without pay, or coerced, but voluntary and attended with compensation from the injured party, and where the duty to be performed is entire, absolute and perfect. (*Garlinghouse* v. *Jacobs,* 29 *N. Y. Rep.* 310  1 *Wait's L. and P.* 747, *and cases cited.*)

*Class* IV. Against a public officer acting by independent authority and not merely as an agent, for a violation of a ministerial duty, absolute, certain and imperative in its nature, imposed upon him by law and specifically due to a particular individual as distinguished from the whole public.

Assuming the principle stated under class 4 to be correct, I have no hesitation in saying this action can be maintained.

The defendant is a public officer acting by independent authority, and in no respect an agent for the town, which is not, for such purposes, a corporation. (*Lorillard* v. *Town of Monroe,* 11 *N. Y. Rep.* 394.) The duty imposed by law upon the defendant was absolute, certain and imperative in its nature—it was pure and simple ministerial duty due specifically to one individual, (the plaintiff,) and not to the public at large. The refusal was a willful neglect of duty, subjecting the defendant to indictment for misdemeanor. (2 *R. S.* 696, § 38.) Every intentional refusal is necessarily a willful one, and ignorance of the law, and good faith, are no defense. (*People* v. *Brooks,* 1 *Denio,* 457.)

I find no case, involving the principle in question, adverse to the opinion expressed. In most of the cases where judges have expressed themselves in a manner apparently hostile, the expressions were mere *dicta,* not necessary to the decision of the actions before them, which generally clearly belonged to one of the first three classes above defined, or to other cases where actions were not maintainable. Yet even then, as we shall see, they have very frequently guarded their words so as to save, either directly or by implication, rights of action under class 4.

*Garlinghouse* v. *Jacobs,* (29 *N. Y. Rep.* 297,) was an action against commissioners of highways, for not repairing a bridge. It was held the action would not lie, because their duties were not certain, but requiring judgment and discretion; and for the further reason that they were due to the public at large, and not to a particular individual. Wright, J. says, (*p.* 310,) "the defendants receive no compensation from,

and *owe no duty to, any private individuals."* \* \* \* "It would be repugnant to principle to hold that a public officer, who *owes no duty to individuals* and performs none especially for them, but acts for the public at large, should for mere neglect, *without malice and not personal,* be amenable to a civil action in favor of the injured party." By necessary implication the officer would be liable if those facts did exist.

In *Weet* v. *Trustees of Brockport,* (16 *N. Y. Rep.* 161, *n.*) the action was against a municipal corporation, and the defendants were held upon the principle stated in class 2, above. Yet Selden, J. in alluding to a case there cited, says : "the reasoning shows that a public officer who receives no compensation and *owes no duty to any private individual,* is accountable to the public alone," (*p.* 167.) Sandford, J. makes the same distinction. He says, (5 *Sandf.* 320,) "The principle is sound when applied to *public officers who act for particular individuals,* and for an equivalent reward furnished by them, *or by the public,* for such service." Again, "for a willful and malicious omission of duty there may perhaps be a civil action in favor of the party injured," referring to officers under class 2, who would otherwise be exempt by reason of their duties requiring the exercise of judgment. Similar expressions are to be found scattered through the books, of little value in themselves, because mere dicta, and generally loosely stated, but still evincing a prevailing sentiment among the judges that a public officer who owed a duty to an individval, should discharge that duty or be liable to an action for the damages caused by his neglect or refusal. (*Wilson* v. *City of N. Y.,* 1 *Denio,* 595. *Lorillard* v. *Town of Monroe,* 12 *Barb.* 161. *The People* ex rel. *Dikeman* v. *Village of Brooklyn,* 1 *Wend.* 318. *McCulloug* v. *Mayor &c. of Brooklyn,* 23 *id.* 459. *Kortright* v. *Commercial Bank of Buffalo,* 20 *id.* 91, *affirmed* 22 *id.* 348. *Sedgwick on Damages,* 2d ed. *p.* 506, *and note.*)

The cases of *Adsit* v. *Brady,* (4 *Hill,* 630;) *Shepherd* v. *Lincoln,* (17 *Wend.* 250;) *Smith* v. *Wright,* (24 *Barb.*

170, *and* 27 *id.* 621,) have been overruled, in substance, by the case of *·Garlinghouse* v. *Jacobs, (supra,)* on the ground that the defendants in those cases owed no duties to any individual, but solely to the public. The fact that the defendants received no pay from the injured parties is not alluded to as a reason for questioning those decisions.

Having thus come to the conclusion that this action was well brought, the question whether a mandamus would not lie, and was not the proper remedy, ceases to be of any practical importance. The general rule undoubtedly is, that the writ will not lie where an adequate remedy at law exists ; but where the remedy by action is doubtful, a mandamus will lie. (*People* v. *Supervisors of .Chenango Co.,* 11 *N. Y. Rep.* 573, 674, *and cases cited.*) This principle will explain any apparent conflict of decisions.

It only remains to consider what damages the plaintiff is entitled to recover, in this action.

I think the case of *The People,* ex rel. *Aspinwall,* v. *Supervisors of Richmond Co.,* (28 *N. Y. Rep.* 112,) on which the defendant relies, is not strictly in point, and does not furnish the law for this case. The relief demanded in that proceeding was a peremptory mandamus. The statute authorized that relief, and no other, except special damages and costs. The court ultimately gave the relator all he asked for by his proceedings, but would not allow him to waive and recover as in an action on the case.

Nothing in that case fixes the rule of damages in this action, or is inconsistent with the plaintiff's recovery here, of the assessment, interest and costs. Such a result is, by implication, sanctioned by the *People* ex rel. *Dikeman* v. *Trustees of Brooklyn,* (1 *Wend.* 318,) in a case very like. That would be just. The plaintiff has a vested right to the amount of the assessment. The interest thereon is but an incident—an outgrowth—from that right. The defendant's wrongful act has prevented him from realizing his money. It was a willful, because an intentional wrong, and a plain

violation of a legal duty which the defendant owed to the plaintiff. If entitled to sustain this action at all, the plaintiff should obtain *complete satisfaction.* The law does not tolerate a multiplicity of suits, or encourage circuity of action. Nor is it in the mouth of the defendant to object. He could have avoided all personal risk or responsibility by simply doing what the law required of him. He chose not to do this, but on the contrary volunteered to take all the consequences of the violation of a law. Having done so, he must answer for his conduct.

There is an entire parity of reasoning in the cases of *Kortright* v. *Commercial Bank of Buffalo*, (20 *Wend.* 91 ; *affirmed* 22 *id.* 348,) *and in the Matter of Shipley*, (10 *John.* 484.) I can see no reason why the same rule should not apply in both cases.

The plaintiff should have judgment on his verdict, with costs.

PARKER, J. concurred.

BALCOM, J. The defendant, as supervisor of the town of Southport, owed a duty to the taxable inhabitants of that town, as well as to the plaintiff. His duty to the tax payers was to see that no illegal tax was imposed upon them, and to the plaintiff, to lay his damages as reassessed by a jury, before the board of supervisors, (*Laws of* 1847, *vol.* 2, *p.* 588, § 23 ;) so that they could audit the same, if duly reassessed, and cause them to be collected of the taxable inhabitants of Southport.

The defendant was not the agent or servant of the plaintiff, in the matter, and he was not entitled to any compensation for doing what was required of him by statute respecting the plaintiff's damages. But his duty to the plaintiff was ministerial, and when he refused to discharge it he assumed the risk, in his individual capacity, of maintaining that the plaintiff's claim to the damages, as reassessed by a jury, was invalid, which he has been unable to do, according to the decision of the general term of this court in the case. (*See* 42 *Barb.* 255 ;) and I ought not to question that

Clark *v.* Miller.

decision, whatever I may think of it. (*See Holmes* v. *Requa,* 26 *N. Y. Rep.* 338, 355.) If it is erroneous, the Court of Appeals is the only tribunal that should overrule it, in this case.

I am of the opinion the decision of the general term in the case should also be regarded as settling the question that the plaintiff is entitled to recover of the defendant the damages he sustained in consequence of the defendant's refusal to lay his claim before the board of supervisors; for the reason that the nonsuit, on the first trial, should have been sustained if the plaintiff had no cause of action, though I placed it on the sole ground that the plaintiff's damages were not legally reassessed by a jury. The rule is, that a wrong reason for a correct decision does not entitle a party to a new trial. (1 *Hill,* 336. 4 *id.* 437.)

It having been settled that the plaintiff was entitled to recover in the action, the only material question yet to be determined, is, whether the defendant was liable for the entire amount of the plaintiff's claim, or only for interest thereon from the time he would have received his damages, if the defendant had obeyed the statute, until the plaintiff could have obtained the same, under an allowance by the board of supervisors, the next year after the defendant refused to lay the claim before the board.

There is authority for holding that the plaintiff could have compelled the defendant, or his successor in office, by mandamus, to lay his claim for damages before the board of supervisors. (*See* 24 *N. Y. Rep.* 114; 1 *Barb.* 34.) But the board would not have been obliged to allow the plaintiff interest on his claim, for the reason that the statute on the subject does not require them to allow interest on such a claim. (*Laws of* 1847, *vol.* 2, *p.* 588, § 23. 28 *N. Y. Rep.* 112.) The plaintiff has lost interest on the amount of his claim from the time he would have received his damages if the defendant had discharged his duty under the statute. And as the plaintiff has not had his claim audited by the board of supervisors, I am of the opinion he was entitled to re-

cover interest thereon, as damages in this action, from the time above mentioned to the date of the trial; and I am inclined to the opinion, if the action lies, that the plaintiff was properly allowed to recover of the defendant, not only the interest on his claim, but also the amount of his claim for damages against the town of Southport. (*See The People* v. *Brooklyn,* 1 *Wend.* 318; 24 *N. Y. Rep.* 114.) The plaintiff had only one cause of action against the defendant, and that was for the defendant's refusal to lay his damages, as reassessed, before the board of supervisors. The plaintiff could not split his cause of action and maintain two actions therefor against the defendant; to wit, one for interest on his damages and another to compel the defendant to lay those damages, before the board of supervisors. (*See* 15 *John.* 432; 16 *id.* 121, 136.) He was entitled to full redress in the action, or he should have been beaten in it. I shall therefore vote to sustain the ruling of the judge at the circuit, that the plaintiff was entitled to recover the amount of his claim for damages against the town, as well as interest thereon of the defendant.

I confess I have some doubt as to whether the plaintiff was entitled to recover at all in the action; and whether his only remedy was not by mandamus to compel the defendant to lay his claim for damages, as reassessed by a jury, before the board of supervisors, in which proceeding he could have recovered interest on such damages against the defendant as well as a judgment that the defendant lay such claim for damages before the board of supervisors. (*See* 28 *N. Y. Rep.* 112.) But I surrender my doubt in accordance with what I understand to have been the decision of the general term of this court in the case, and vote for denying the defendant's motion for a new trial with costs.

MASON, J. dissented.

Judgment for the plaintiff.

[BROOME GENERAL TERM, July 10, 1866, *Parker, Mason, Balcom* and *Boardman,* Justices.]