## MARSHALL ROBINSON, PLAINTIFF, *v.* ENOCH H. BISHOP AND HENRY E. FISHER, DEFENDANTS.

*Issue of a town bond by a public officer — implied warranty of authority to do so — when liable to a purchaser for false statements as to his authority recited in the bond — declarations of a prior owner of the bond not admissible as against his assignee.*

The plaintiff alleged in his complaint that the defendants and one Bradford having been duly appointed commissioners for the town of Sidney, and authorized to issue bonds of the said town to the amount of $50,000 to aid in the construction of a railroad, issued and sold bonds to that amount; that thereafter the said commissioners, without authority of law, wrongfully and negligently executed and issued other bonds in the same form as the former, which recited the acts under which they purported to be issued, the appointment of the commissioners and their authority to issue them; that one of the said bonds was, on July 1, 1877, issued to the plaintiff's assignor Alexander Searles, who paid the full face value for the said bond; that the representations and warranty contained in the said bonds were false and untrue, and that the said Searles purchased and received the bond, relying upon them; that the signers of the bond, without authority from the town, paid interest on the bond down to July 1, 1878, but nothing had since been paid on account thereof; that in November, 1882, Searles assigned the said instrument, and all his rights of action against the defendants, to the plaintiff for value, and that he had tendered the bond to the defendants, who had refused to receive it or to pay to him the money with interest received from Searles. The defendants moved for a nonsuit upon the ground that the bond was void upon its face, under section 11 of article 8 of the Constitution of the State, prohibiting towns from loaning their credit, and that the purchaser was bound to know that fact.

*Held*, that as there was evidence tending to show that the defendants stated and represented to Searles that the bond was valid and within the $50,000 which they were authorized to issue, and thereby induced him to make the purchase, the motion was properly denied.

That it was not error to refuse to submit to the jury the question as to whether or not Searles was a purchaser in good faith, or whether the defendants had acted in good faith or were guilty of negligence, as, irrespective of these questions, the defendants were liable upon an implied warranty of the validity of their action as well as upon their express warranty.

Upon the trial the defendants offered to show, by the testimony of one of them, that at a conversation had by him in 1878 with Searles, the latter said that he knew at the time he took the bond that more than $50,000 had been issued.

*Held*, that the testimony was properly excluded as the declarations of the prior owner were inadmissible as against the plaintiff.

MOTION for a new trial, made after a trial had at the Delaware Circuit in June, 1885, where a verdict was directed for the plaintiff

for $708.16. On the hearing of the motion, " in the discretion of the presiding judge, it was ordered that such motion and the exceptions taken upon the trial be heard in the first instance at the General Term."

The plaintiff in his complaint alleges that the town of Sidney is one of the towns of the county of Delaware and State of New York. That in pursuance of chapter 398 of the Laws of 1866, chapter 917 of 1867, chapter 61 of the Laws of 1868, chapter 84 of the Laws of 1869, and chapter 794 of the Laws of 1870, the said town of Sidney was authorized to take stock in and to issue its bonds in aid of the construction of the New York and Oswego Midland railroad, which at the times hereinafter mentioned was a railroad corporation of this State duly organized. That on February 28, 1868, Reuben Lewis was one of the assessors of said town, and on that day he made an affidavit showing that the consent in writing of a majority of the taxpayers of said town (representing a majority of the taxable property of said town assessed and appearing upon the assessment-roll thereof for the year 1866, and a majority of the taxpayers and property required by said acts) had been obtained to the bonding of said town in the sum of $50,000 in aid of said railroad.

The said affidavit, together with the consent therein referred to, were duly filed and recorded in the office of the clerk of Delaware county, in March, 1868, in book of railroad bonding (pp. 265–306), and certified copies were duly filed in the office of the clerk of said town. Said consent authorized and required the railroad commissioners of said town under said acts, " to borrow on the faith and credit of said town the sum of $50,000, being less than thirty per cent of the assessment valuation upon said assessment-roll for 1866, to execute bonds therefor, and to do and perform all other acts required of them by said act to carry into effect the purposes of said act, and to invest the same or the proceeds thereof in the stock of said railroad."

That under and in pursuance of the aforesaid acts of the legislature, William H. Bradford, Henry E. Fisher and Harvey B. Morenus, were duly appointed railroad commissioners of said town and duly qualified, and were Midland railroad commissioners of said town until the year 1878, when the defendant Enoch H. Bishop was

duly appointed a commissioner in the place of said Morenus, and duly qualified, and thereafter acted or assumed to act as such. That the said William H. Bradford died in the year 1878, wholly insolvent.

That the said town of Sidney became and was bonded in the sum of $50,000, in aid of The New York and Oswego Midland Railroad, and the said commissioners were authorized to issue bonds of said town to the amount of $50,000, and no more, in such sums and payable at such times and places, not exceeding thirty years, and in such form as the said commissioners and their successors might deem expedient. That the said commissioners thereupon signed, sealed and executed $50,000 of such bonds and sold them to different purchasers. That the said bonds became and are of great value and now worth much more than the face amount thereof in each case.

And for a first cause of action the plaintiff alleges upon information and belief, that thereafter the defendants, Enoch H. Bishop and Henry E. Fisher, falsely assuming to act with said William H. Bradford, deceased, as such commissioners, wrongfully and negligently exceeded their authority and issued bonds in excess of said $50,000 limit to purchasers in good faith and for value.

That on or about July 1, 1877, the defendants, with said William H. Bradford, deceased, executed and delivered to Alexander Searles, of Sidney, an instrument in writing purporting to be a registered bond of said town, and of which the following is a copy : " Registered bond, No. 27, $500. United States of America, State of New York, town of Sidney, county of Delaware. William H. Bradford, register." Issued by virtue of acts of the legislature of the State of New York entitled, an act to facilitate the construction of the New York and Oswego Midland Railroad, and to authorize towns to subscribe to the capital stock thereof, passed April 5, 1866, and an act to facilitate the construction of the New York and Oswego Midland Railroad, and to exempt from certain taxation town and city bonds used in the construction thereof, passed May 15, 1867. These acts authorize any town or city in either of the counties of Orange, Sullivan, Ulster, Delaware, Otsego, Chenango, Cortland, Madison, Onondaga, Oneida, Oswego or Cayuga, to subscribe to the stock of the New York and Oswego Midland Railroad Company and to issue town or city bonds in payment therefor.

" Know all men by these presents, that we, the undersigned commissioners under the above entitled acts for the town of Sidney, county of Delaware, and State of New York, upon the faith and credit, and in behalf of said town, for value received, promise to pay to Alexander Searles, of Sidney, the sum of five hundred dollars on the first day of January, in the year one thousand eight hundred and eighty-nine (1889), at the office of the commissioners in the village of Sidney Plains, Delaware county, New York, with interest at seven per cent, payable semi-annually at the same place. Transferable in person, or by attorney, only on the books of said town on surrender of said bond.

" In witness whereof we have hereunto set our hands and seals this first day of July in the year one thousand eight hundred and seventy-seven.

> "WILLIAM H. BRADFORD. [L. s.]
> "HENRY E. FISHER. [L. s.]
> "ENOCH H. BISHOP. [L. s.]"

That said Searles paid the full face value for said bond. That in truth and in fact the said instrument was not the bond of said town of Sidney, but was in excess of the said $50,000 authorized to be issued, and which had been previously issued and were then outstanding, and neither of the said persons, Bradford, Fisher or Bishop, had any authority whatever to issue or sign the said bond as a commissioner under said act for the town of Sidney. That the representation and warranty of each of the signers to said instrument and contained therein, that it was ' issued by virtue of acts of the legislature of the State of New York,' was false and untrue. That the representations and warranty of each of the signers to said instrument and contained therein that each of said persons had the right to act as a commissioner in the issuing of said bond, and to issue the same upon the faith and credit and in behalf of said town, was false and untrue, yet the said Searles purchased and received said instrument, relying upon each one of the said representations and warranties in said instrument of each of said persons. That in the issuing and delivery of said instrument the defendants stated and represented and warranted to the said Searles that it was a valid bond of the town of Sidney and within the $50,000 which they were authorized to issue, and that when the same was issued and

delivered there would not be outstanding more than that amount of bonds, which statement was untrue and was negligently made, yet that the said Searles relied thereon and was thereby induced to purchase said instrument. That in fact the said instrument has no force or validity except as the individual note of the signers thereto. That the said signers without the authority of said town paid the interest on said instrument down to July 1, 1878, but the said town and the said persons have ever since neglected and refused to pay anything whatever on account of said instrument and said transaction. That on the 2d day of November, 1882, the said Searles by an instrument in writing duly assigned said instrument, and all his aforesaid right of action against the defendants to the plaintiff, for value received. That before the commencement of this action the plaintiff tendered back said instrument to the defendants and offered to assign the same to them and demanded the said $500 and interest, but the defendants neglected and refused to pay the same or any sum, and the plaintiff hereby tenders the said instrument to the defendants and demands of them as damages for the matters aforesaid the sum of $500, with interest thereon at seven per cent from July 1, 1878, together with interest on each semi-annual installment of interest to date, according to the terms of said instrument."

The case states that the plaintiff, to maintain the issues on his part, gave evidence tending to prove the facts alleged in the first cause of action of the complaint. The plaintiff called as a witness Porter Searles, who testified that prior to the alleged assignment to the plaintiff of his alleged cause of action, the witness demanded of the railroad commissioners of the said town of Sidney, the payment of the interest upon the said bond in question, which was refused.

*T. Sanderson* and *W. H. Johnson*, for the motion.

*Wm. & J. B. Gleason*, opposed.

HARDIN, P. J. :

It is insisted that the court erred " in excluding the testimony of Enoch H. Bishop as to declarations of Alexander Searles, the plaintiff's assignor."

Enoch H. Bishop testified " that in the summer of 1878, and soon

after the death of William H. Bradford, the witness had an interview with Alexander Searles and Porter Searles, at Sidney Plains." The defendants' counsel then proposed " to show that the old gentleman, Mr. Searles, asked the witness if this was his signature to the bond, and he said it was. And I further propose to show that the old gentleman then and there said that he knew, at the time he took the bond, that more than $50,000 had been issued of the bonds of the town of Sidney." This was objected to by the plaintiff, the objection sustained, and an exception taken. When this evidence was offered, the case showed that the plaintiff, in 1882, purchased the cause of action alleged in the complaint, and gave his promissory note therefor, payable January 1, 1886, and that Searles, the assignor, had verbally 'guaranteed the collection of the bond.

We think no error was committed in excluding the declarations of Searles referred to in the offer. (*Truax* v. *Slater* 86 N. Y., 630.) The plaintiff was the purchaser of the chose in action for value, and the declarations of the prior owner were properly excluded. (*Von Sachs* v. *Kretz*, 72 N. Y., 548; *Bullis* v. *Montgomery*, 50 id., 352.) At the close of the plaintiff's evidence, the defendant moved for a nonsuit upon four grounds, viz.:

" *First.* That upon all the testimony which has been given upon the part of the plaintiff, he has not shown sufficient facts to entitle him to recover against these defendants.

" *Second.* That there is no evidence here, except such as appears by recitals contained in the instrument, that the assignor of the alleged cause of action ever paid anything for the bond which has been put in evidence.

" *Third.* That there is no proof that the assignor was a purchaser in good faith, except that simple fact that the bond was issued to him.

"*Fourth.* That there is no proof of any bad faith on the part of these defendants, or either of them."

This motion was denied. The motion was repeated at the close of the evidence, predicated upon the grounds already stated, and upon the further ground, " that the alleged bond was void upon the face of it, having been issued in violation of section 11, article 8 of the Constitution of the State of New York, and being thus void it did not purport to create any obligation against the alleged principal, and for that reason there could be no recovery against the

defendants in this action; and further, there is not a particle of evidence that Searles ever paid any consideration for the bond."

The court refused to nonsuit, holding that the "transaction did not come within the prohibition of that section of the Constitution; and if it didn't come, why then these defendants are liable, * * * and that there is no evidence in the case that establishes a defense."

It is now insisted that the purchaser Searles was bound to know that no such obligation could be legally created, and that he cannot now be permitted to insist that he relied upon the signatures of the defendants or upon the representations contained in the instrument.

It is alleged that the defendants stated and represented and warranted the said Searles, that it was a valid·bond of the town of Sydney, and within the $50,000 which they were authorized to issue, and that when the same was issued and delivered there would not be outstanding more than that amount of bonds, which statement was untrue, yet that the said Searles relied thereon and was induced to purchase the said bond. The case shows that evidence was given tending to show that these facts were true. There was no allegation in the answer that the bond, which the defendants represented they had power to issue and was a valid bond, was illegal or unconstitutional.

We think in a case where it appears that the defendants had authority to issue $50,000 of bonds, and that having issued the $50,000, they made an offer to issue another thereafter and induced the purchaser to take the same in reliance upon their representations that the bond was valid and that they had authority to issue it, whereas, in truth, it was invalid and was put afloat in excess of any authority conferred upon the defendants, that they are not entitled to call to their aid the constitutional provisions already referred to. We think nothing can be found in *Falconer* v. *The Buffalo and Jamestown Railroad Company* (69 N. Y., 491) to sustain such a position.

We think there was no error in refusing to submit to the jury the question of whether Searles was a purchaser in good faith, or whether the defendants had acted in good faith, or were guilty of negligence. We think, irrespective of these questions, the defendants were liable upon an implied warranty of the validity of their

action as well as upon their express warranty. ( *White* v. *Madison,* 26 N. Y., 124; *Baltzen* v. *Nicolay,* 53 id., 467; *Clark* v. *Miller,* 54 id., 534.) It was said in that case, viz., "that the opinion or belief of the defendant as to his duty does not affect his liability, is established by the *People* v. *Brooks* (1 Denio, 457). Honest ignorance does not excuse a public officer for disobedience to the law."

It appeared by the evidence given upon the trial " that the defendants never made any examination of the records of their office to find out how many bonds were outstanding until after Mr. Bradford's death, and never made any examination to see whether this bond was or would be within the limit or not, or whether any bond was actually exchanged therefor, and that said Bradford was allowed by them to issue and deliver such bonds as he saw fit, and that the defendants gave no personal attention to the subject."

We think, after such negligence shown on the part of the defendants, there was little or no question left to be considered " as to whether these defendants acted in good faith or were guilty of negligence, and the fact that Searles lived in the same village with Bradford, who was his son-in-law, from whom he received the bond, and to whom he paid the money, is not sufficient to relieve the defendants from their warranty, or from the charge of negligence." If a fraud or wrong was perpetrated by Bradford the defendants enabled him to perpetrate it. They, each of them, signed the bond and knew that it was to be issued. (*Davis* v. *Bemis,* 40 N. Y., 453, note.)

Alexander Searles, as a witness, testified: " I had no knowledge or information from any source that these bonds were not good bonds of the town of Sidney. At that time I did not know that the full amount of $50,000 of bonds for the town of Sidney had been issued." Thereupon, the counsel for the defendant offered to show that the witness Searles did know that the full $50,000 had been issued. This followed an offer which indicated that the effort was to show it by the declarations of Searles to Bishop, and the attention of Searles had not been called to the conversation. It was therefore proper to exclude the testimony sought for to contradict Searles.

Our conclusion is that no error was committed at the trial. The verdict was properly ordered for the plaintiff.

Motion for new trial denied, and judgment ordered for the plaintiff on the verdict, with costs.

FOLLETT and CHURCHILL, JJ., concurred.

Motion for new trial denied, and judgment ordered for the plaintiff on the verdict, with costs.