(116 App. Div. 849)

PEOPLE ex rel. LALLY et al. v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department.    January 25, 1907.)

MANDAMUS—RELIEF—JUDGMENT—AWARD OF DAMAGES—COUNSEL FEES.

The damages recoverable by the relator in a mandamus proceeding caused by a false return to an alternative writ do not include counsel fees therein or other expenses of the trial, since under the direct provisions of Code of Civ. Proc. § 2088, the damages that the relator may recover in the proceeding are the same that he could recover in an independent action for a false return.

Appeal from Special Term, Kings County.

Application by Lavinia Lally and others for a writ of mandamus to compel the New York Central & Hudson River Railroad Company to construct and maintain a bridge across its tracks from the property of the relators on one side to their property on the other. The application was granted. The defendant appeals from so much of the order as assesses the damages of the relators for a false return to the alternative writ. The trial judge found the damages to be $1, and to that added the expense of the relators for counsel, and for surveyors, engineers, and real estate experts, on the trial of the issues raised by the return in the proceedings, as damages. Order reversed, in so far as it allows counsel fees as part of the damages, and a new hearing ordered before the trial judge on the question of damages, unless the relators stipulate to amend the said order by reducing the damages to $1.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, MILLER, and GAYNOR, JJ.

Robert A. Kutschbock, for appellant.
Lavinia Lally, for relators.

GAYNOR, J. The damages recoverable by the relator in a mandamus proceeding caused by a false return to an alternative writ do not include counsel fees therein. Formerly damages for a false return could only be recovered in an action for damages for the false return. If such an action were brought, and the plaintiff prevailed, he in that way falsified the return and thereby established his right to the peremptory writ and also got judgment for his damages at the same time. There was no other way to falsify the return, and it remained conclusive until falsified in that way.

But a statute was passed for the trial in the proceeding itself of the issues of fact raised by the return to the alternative writ, and also for the recovery therein of the relator's damages caused by the false return. Code Civ. Proc. § 2088; People ex rel. Goring v. President, etc., 13 Misc. Rep. 732, 35 N. Y. Supp. 213; People ex rel. v. Supervisors, 28 N. Y. 112.

The only damages that the relator may recover in the proceeding, however, are the same that he could recover in the action for a false return, for so says the statute expressly. People ex rel. v. Supervisors, 28 N. Y. 112.

And it is plain that in such an action, which is for tort—the tort of the false return—the fees paid to counsel therein could not be made

part of the damages to be recovered. There is no tort action in which that can be done. In actions for damages for malicious prosecution, or false imprisonment, it is not the counsel fees incurred therein that are allowed, but those incurred by the plaintiff in defending himself in' the criminal court.

In the Goring Case, supra, the sum of $1,000 was afterwards allowed as damages, including counsel fees or anything else that could be included, but only because the trial judge did not know what else to do. The Court of Appeals had sent the case back to have the damages assessed without giving any enlightenment or hint as to what damages could be recovered for a false return when there was no return at all (151 N. Y. 386, 45 N. E. 852), and the trial judge was at a loss what to do (20 Misc. Rep. 28, 45 N. Y. Supp. 344). His action is not to be taken as a precedent; nor can the decision of the Court of Appeals be taken as holding that counsel fees can be allowed as part of such damages. There is nothing of the sort there. The case is a singular one.

The foregoing applies to the other expenses of the trial. They are to be included in the bill of costs and disbursements, so far as they can be.

The final order should be reversed in so far as it allows counsel fees as part of the damages, and a new hearing ordered before the trial judge on the question of damages, unless the relators stipulate to amend the said order by reducing the damages to $1. All concur.