■ In the Matter of ROBERT SHERIDAN, Petitioner, v BERNARD J. FARNAN, as Commissioner of Public Safety in the Police Department of the City of Glen Cove, et al., Respondents.—Proceeding pursuant to CPLR article 78 *inter alia* to review a determination of respondent Farnan, dated January 30, 1975, which, after a hearing, dismissed petitioner from his position of sergeant in the Glen Cove Police Department. Determination annulled, on the law, with costs to petitioner, and petition granted to the extent that respondents are directed to restore petitioner to his position of sergeant, with accrued salary and benefits, as of January 30, 1975, less interim earnings, if any; petition otherwise dismissed on the merits. No findings of fact were presented for review on this proceeding. Petitioner was charged with the violation of certain rules and regulations of the Glen Cove Police Department relating to (1) the unauthorized use of a firearm, in that he had directed a pistol shot at himself, and (2) the submission of a false written report, in that he had stated that the weapon was discharged when an assailant accosted him. The evidence adduced at the departmental hearing is insufficient to support the inference that petitioner had directed the shot at himself. Under the circumstances related, the determination should be annulled. Petitioner has requested the award of reasonable attorneys' fees. Such fees may not properly be awarded in an article 78

proceeding (see 24 Carmody-Wait 2d, NY Civ Prac, p 214; cf. *People ex rel. Lally v New York Cent. & Hudson Riv. R. R. Co.,* 116 App Div 849). Hopkins, Acting P. J., Damiani, Christ and Hawkins, JJ., concur.