■ ELIZABETH SANGER et al., Appellants, v ABE LAVINE, as Commissioner of Social Services, et al., Respondents.—Judgment, Supreme Court, New York County, entered August 3, 1976, denying petitioners' application for reimbursement of their legal costs and expenses, is unanimously affirmed, without costs and without disbursements. Petitioners operate a nursing home. As a practical economic matter the nursing home can only exist so long as it has a "medicaid provider agreement" and thus receives Medicaid reimbursements from the State. The State Health Department having made some criticism of petitioners' alleged staffing deficiencies, the State Department of Social Services informed petitioners that renewal of the Medicaid provider agreement beyond April 30, 1975, was contingent upon satisfactory progress toward elimination of these deficiencies. Petitioners thereupon brought this article 78 proceeding to prohibit respondents, the State Commissioners of Social Services and Health, from terminating petitioners' Medicaid eligibility without a full hearing and to direct a hearing to determine whether petitioners are entitled to a rate increase to compensate petitioners for the increased costs of additional staffing and for related relief. Negotiations ensued between the attorneys and the matter was resolved by an oral stipulation placed on the record in open court. That stipulation stated that all issues raised by the petition had been resolved "except whether or not, under petitioners' ad damnum clause of 'such other and further relief as this Court may deem just and proper,' petitioners are entitled to receive an adjustment of their medicaid rate, or, by any other means the Court deems appropriate to reimburse petitioners for their actual legal costs of this proceeding." Thereafter, the reserved issue was presented to the court and Special Term denied petitioners such reimbursement. The present appeal is from that determination. Petitioners claim the legal costs and expenses as "reimbursement" of costs which are "properly chargeable to necessary patient care," (10 NYCRR 86.21 [a]) under the Medicaid program, i.e., petitioners claim that such costs can be included as an allowable cost under Medicaid. The question of legal costs and expenses of an article 78 proceeding as allowable reimbursable costs for Medicaid purposes was not one of the substantive issues in this article 78 proceeding. Indeed, the parties so recognized in the stipulation, for the question they reserved was whether under the "other and further relief" provision they are entitled to receive an adjustment of their Medicaid rate or otherwise be reimbursed for their actual legal costs. But in that context, the question is merely whether a party is entitled in an article 78 proceeding to recover the attorneys' fees incurred in that proceeding. Normally parties are not so

entitled, even if the proceeding is litigated to successful final adjudication by the court. *(People ex rel. Lally v New York Cent. & Hudson Riv. R. R. Co.,* 116 App Div 849.) There is no reason for departure from the general rule in this case. Concur—Murphy, J. P., Lupiano, Silverman and Lane, JJ.